# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
4/26/2022 12:09 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
   BRIAN D. NETTLES, ESQ.
2  Nevada Bar No. 7462
   CHRISTIAN M. MORRIS, ESQ.
3  Nevada Bar No. 11218
   RACHEAL A. ROSS, ESQ.
4  Nevada Bar No. 14943
   NETTLES | MORRIS
5  1389 Galleria Drive, Suite 200
   Henderson, Nevada 89014
6  Telephone: (702) 434-8282
   Facsimile:  (702) 434-1488
7  brian@nettlesmorris.com
   christian@nettlesmorris.com
8  racheal@nettlesmorris.com
9  *Attorneys for Plaintiff*

CASE NO: A-22-851666-C
Department 28

10

11                        **DISTRICT COURT**

12                   **CLARK COUNTY, NEVADA**

13

14  DEBORAH RENKERT-DUE, an individual;      CASE NO.:
                                             DEPT NO.:
15                       · Plaintiff,

16  vs.

17

18  SMITH'S FOOD & DRUGS CENTERS,            **COMPLAINT**
    INC. d/b/a SMITH'S #358, an Ohio
19  corporation; DOES 1 through 10; ROE
    CORPORATIONS 11 through 20; and ABC
20  LIMITED LIABILITY COMPANIES 21
    through 30
21

22                     Defendants.

23        COMES NOW, Plaintiff, DEBORAH RENKERT-DUE, an individual, by and through her

24  counsel of record, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Racheal A. Ross, Esq.,

25  of the law offices of NETTLES | MORRIS, and for her causes of action against Defendant above-

26  named, complains and alleges as follows:

27            **STATEMENT OF JURISDICTION AND VENUE**

28        1.    The Eighth Judicial District Court has jurisdiction over this civil tort action

1

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

1   pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case

2   took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00.

3                                    **GENERAL ALLEGATIONS**

4       2.      Plaintiff, Deborah Renkert-Due ("Plaintiff"), is a citizen of the State of Nevada

5   who, at all relevant times was, present in Clark County, Nevada.

6       3.      Defendant, SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S #358

7   ("Defendant"), is, and at all relevant times was, an Ohio corporation licensed to do business in

8   Clark County, Nevada, owning, operating, managing, or controlling the premises located at 2540

9   South Maryland Parkway, Las Vegas, NV 89109 ("Smith's #358").

10      4.      Upon information and belief, and at all times relevant, Defendant owns, occupies,

11  operates, controls, and/or manages the premises of Smith's #358, for the purpose of carrying on a

12  business for profit in Clark County, Nevada.

13      5.      Plaintiff is informed, believes, and thereon alleges that all of the acts, omissions

14  and conduct described below of each and every corporate defendant, and Defendant, was duly

15  authorized, ordered, and directed by the respective and collective defendant corporate employers,

16  officers, and management-level employees of said corporate employers. In addition thereto, said

17  corporate employers participated in the aforementioned acts and conduct of their said employees,

18  agents and representatives and each of them; and upon completion of the aforesaid acts and

19  conduct of said corporate employees, agents and representatives, the defendant corporations,

20  including Defendant, respectively and collectively, ratified, accepted the benefits of, condoned,

21  lauded, acquiesced, approved, and consented to each and every of the said acts and conduct of the

22  aforesaid corporate employees, agents and representatives.

23      6.      The true names and capacities, whether individual, corporate, associate,

24  governmental or otherwise, of defendants Does 1 through 10, Roe Corporations 11 through 20,

25  and ABC Limited Liability Companies 21 through 30 ("Does/Roe/ABC Defendants"), inclusive,

26  are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names.

27  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend

28  this Complaint accordingly.

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

2

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

1    7.    Upon information and belief, Does/Roe/ABC Defendants and/or Defendant

2    participated in the design, construction, maintenance, ownership, management, control, operation,

3    care, and/or upkeep of the premises of Smith's #358; Does/Roe/ABC Defendants and/or

4    Defendant, include, but are not limited to, owners, operators, occupiers, lessees, managers,

5    manufacturers, developers, producers, general contractors, subcontractors, security companies,

6    maintenance companies, material providers, equipment providers, architects, designers, engineers,

7    governmental authorities, insurers, lenders, investors, and their agents, servants, representatives,

8    employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates,

9    predecessors, partners and/or successors in interest.

10    8.    Upon information and belief, Does/Roe/ABC Defendants and/or Defendant are

11    responsible, negligently or in some other actionable manner, for the events and happenings

12    hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as

13    hereinafter alleged.

14    9.    Upon information and belief, Does/Roe/ABC Defendants and/or Defendant were

15    involved in the initiation, approval, support, or execution of the wrongful acts upon which this

16    litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

17    10.    On or about June 24, 2020, Plaintiff was an invitee who was at all times lawfully

18    on the premises of Smiths' #358. Plaintiff picked out her purchases and then went to the checkout

19    area where Defendant's employee assisted Plaintiff with her purchases. While in the checkout

20    area, Plaintiff slipped and fell ("Subject Incident") as a result of an unknown, hidden, and/or

21    unwarned liquid substance on the tile floor ("Subject Condition").

22    11.    The Subject Condition, was unattended and without warning, was created by

23    Defendant and/or was a condition of which Defendant had actual or constructive notice prior to

24    the Subject Incident. Also, the Subject Condition was a dangerous condition which should have

25    been remedied and/or warned of prior to the Subject Incident.

26    12.    Defendant's employees and/or agents, acting in the course and scope of their

27    employment for Defendant, failed to remedy and/or warn Plaintiff of the Subject Condition prior

28    to the Subject Incident.

13. These negligent acts were committed by Defendant's employees and/or agents, acting in the course and scope of their employment for Defendant under its direction and control, and thus Defendant is vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

14. As a direct and proximate result of the acts or omissions of Defendant, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

15. As a further direct and proximate result of the negligence of Defendant, Plaintiff has suffered injuries to her body.

16. Plaintiff has been damaged by the negligence of Defendant, in an amount in excess of $15,000.00.

17. As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has had to retain the services of the law offices of Nettles | Morris to pursue this action and is entitled to recover costs of suit and reasonable attorneys' fees incurred herein.

## FIRST CAUSE OF ACTION

### (Negligence Against Defendant)

18. Plaintiff repeats and realleges each and every allegation contained hereinabove and incorporates the same by reference as though fully set forth herein.

19. At all relevant times, Defendant was in control of the premises of Smith's #358 and owed a non-delegable duty of care to Plaintiff to maintain said premises in a reasonably safe condition.

20. At all relevant times, Defendant owed a non-delegable duty of care to warn Plaintiff of the existence of known and/or foreseeable hazards upon its premises.

21. Defendant breached the non-delegable duties it owed to Plaintiff by creating and/or knowingly and/or negligently allowing the Subject Condition to exist and persist on the subject premises of Smith's #358 prior to the Subject Incident, and by consciously, deliberately, and/or negligently failing to take any measure to remedy or to warn of the existence of the Subject Condition.

4

22.     As a direct result of Defendant's conduct, Plaintiff sustained serious injuries to her body including pain and suffering.

23.     Defendant's breach of its duties was the legal cause of Plaintiff's injuries.

24.     As a direct and proximate result of the acts or omissions of Defendant, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment in an amount in excess of $15,000.00.

25.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has had to retain the services of the law offices of Nettles | Morris to pursue this action and is entitled to recover costs of suit and reasonable attorneys' fees incurred herein.

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

1.     General and compensatory damages in excess of $15,000.00 for Plaintiff;

2.     Special damages in excess of $15,000.00 for Plaintiff;

3.     For pre-judgment and post-judgment interest thereon at the highest legal rate;

4.     Attorneys' fees and costs herein for Plaintiff;

5.     For such further and other relief as the Court deems proper for Plaintiff.

DATED this 26th day of April, 2022.

**NETTLES | MORRIS**

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

5

1

**AFFT**
Nettles Morris

2   Christian M. Morris, Esq.
1389 Galleria Dr., #200

3   Henderson , NV 89014

4   State Bar No.:   11218
Attorney(s) for: Plaintiff(s)

5

Electronically Filed
4/27/2022 2:52 PM
Steven D. Grierson
CLERK OF THE COURT

6                              **DISTRICT COURT**

7                          **CLARK COUNTY, NEVADA**

8                                                          Case No.: **A-22-851666-C**

9                                                          Dept. No.: **28**

10  **Deborah Renkert-Due, an individual**                 Date:

11                                        *Plaintiff(s)*    Time:

     **Smith's Food & Drugs Centers, Inc. d/b/a Smith's #358, an Ohio**
12   **corporation; et al**

13                                      *Defendant(s)*

14                                                          **AFFIDAVIT OF SERVICE**

15  I, **Clinton Terry Turney**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of

16  the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604,

17  and not a party to or interested in the proceeding in which this affidavit is made.  The affiant received **1** copy(ies) of

18  the: **Summons; Complaint** on the **27th** day of **April**, **2022** and served the same on the **27th** day of **April**, **2022** at

19  **9:44AM** by serving the **Defendant**,   **Smith's Food & Drugs Centers, Inc. d/b/a Smith's #358, an Ohio**

20  **corporation** by personally delivering and leaving a copy at **Corporation Service Company, 112 N. Curry St.,**

21  **Carson City, NV 89703** with  **Kris Osborne, Administrative Assistant** pursuant to NRS 14.020 as a person of

22  suitable age and discretion at the above address, which address is the address of the registered agent as shown on

23  the current certificate of designation filed with the Secretary of State.

24  Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

25

26

27

28

29

30

31                                          I declare under penalty of perjury under the law of the State of

32                                          Nevada that the foregoing is true and correct. Executed on this

33                                          27th day of April, 2022.

34

35                                          **Clinton Terry Turney # R-2022-04093**

36                                          **Legal Process Service**    License # 604
                                            WorkOrderNo **2203235**

*Legal Process Service, 724 S. 8th Street, Las Vegas, NV 89101   (702) 471-7255*

213

Electronically Filed
5/17/2022 11:22 AM
Steven D. Grierson
CLERK OF THE COURT

1 | **ANSC**
JERRY S. BUSBY
2 | Nevada Bar #001107
COOPER LEVENSON, P.A.
3 | 3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
4 | (702) 366-1125
FAX: (702) 366-1857
5 | jbusby@cooperlevenson.com
Attorneys for Defendant
6 | SMITH'S FOOD & DRUG CENTERS, INC.

7 | **DISTRICT COURT**

8 | **CLARK COUNTY, NEVADA**

9 | DEBORAH RENKERT-DUE, an individual;          CASE NO.: A-22-851666-C
                                                DEPT NO.: XXVIII
10 |                 Plaintiff,

11 | vs.

12 | SMITH'S FOOD & DRUGS CENTERS, INC.          **DEFENDANT SMITH'S FOOD & DRUG**
d/b/a/ SMITH'S #358, an Ohio corporation;       **CENTERS, INC.'S ANSWER TO**
13 | DOES 1 through 10, ROE CORPORATIONS         **PLAINTIFF'S COMPLAINT**
11 through 20; and ABC LIMITED
14 | LIABILITY COMPANIES 21 through 30,

15 |                 Defendants.

16 | COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly designated

17 | as SMITH'S FOOD & DRUGS CENTERS, INC. d/b/a SMITH'S #358, by and through its attorney of

18 | record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers

19 | Plaintiff's Complaint on file herein as follows:

20 | **I.**

21 | Paragraphs 1 and 13 of Plaintiff's Complaint state a legal conclusion which is the sole

22 | province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

23 | **II.**

24 | This answering Defendant states that it does not have sufficient knowledge or information upon

25 | which to base a belief as to the truth of the allegations contained in Paragraphs 2, 5, 6, 7, 8, 9 and 10 of

26 | Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

27 | / / /

28 | / / /

CLAC 6943465.1

### III.

In response to Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it is, and at all relevant times was, an Ohio corporation licensed to do business in Clark County, Nevada, owning, operating, managing, or controlling the premises located at 2540 South Maryland Parkway, Las Vegas, NV 89109.  This answering Defendant denies any remaining allegations contained in said Paragraph.

### IV.

This answering Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

### V.

This answering Defendant denies each and every allegation contained in Paragraphs 11, 12, 14, 15, 16 and 17 of Plaintiff's Complaint.

### VI.

This answering Defendant, in response to Paragraph 18 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Negligence Against Defendant)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### VII.

Paragraphs 19 and 20 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION – (Negligence Against Defendant)**" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

### VIII.

This answering Defendant denies each and every allegation contained in Paragraphs 21, 22, 23, 24 and 25 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION – (Negligence Against Defendant)**".

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries

2

1 | as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any
2 | recovery reduced in proportion to said negligence of Plaintiff.

3 | ## SECOND AFFIRMATIVE DEFENSE

4 | At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto,
5 | Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and
6 | injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately
7 | caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and
8 | therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced
9 | in proportion to said negligence of Plaintiff.

10 | WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her
11 | Complaint on file herein; for costs and disbursements incurred in this action; and for such other and
12 | further relief as to the Court may deem proper.

13 | Dated this 17th day of May, 2022.

14 | COOPER LEVENSON, P.A.

15 |

16 | By   /s/ Jerry S. Busby
     Jerry S. Busby
17 |   Nevada Bar No. 001107
     3016 West Charleston Boulevard - #195
18 |   Las Vegas, Nevada 89102
     Attorneys for Defendant
19 |   SMITH'S FOOD & DRUG CENTERS, INC.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLAC 6943465.1

3

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 17th day of May, 2022, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Racheal A. Ross, Esq.
NETTLES | MORRIS
1389 Galleria Drive – Suite 200
Henderson, NV 89014
Attorneys for Plaintiff

By  /s/ Theresa H. Rutkowski
    An Employee of
    COOPER LEVENSON, P.A.

4

CLAC 6943465.1

Electronically Filed
6/2/2022 10:35 AM
Steven D. Grierson
CLERK OF THE COURT

1   **ABREA**
    BRIAN D. NETTLES, ESQ.
2   Nevada Bar No. 7462
    CHRISTIAN M. MORRIS, ESQ.
3   Nevada Bar No. 11218
    RACHEAL A. ROSS, ESQ.
4   Nevada Bar No. 14943
    NETTLES | MORRIS
5   1389 Galleria Drive, Suite 200
6   Henderson, Nevada 89014
    Telephone: (702) 434-8282
7   Facsimile: (702) 434-1488
8   brian@nettlesmorris.com
    christian@nettlesmorris.com
9   racheal@nettlesmorris.com
10  *Attorneys for Plaintiff*

11                  **DISTRICT COURT**

12              **CLARK COUNTY, NEVADA**

13
    DEBORAH RENKERT-DUE, an individual;      CASE NO.: A-22-851666-C
14                                           DEPT NO.: 28
15      Plaintiff,

16  vs.

17
    SMITH'S FOOD & DRUGS CENTERS,            **PLAINTIFF'S REQUEST FOR**
18  INC. d/b/a SMITH'S #358, an Ohio         **EXEMPTION FROM ARBITRATION**
19  corporation; DOES 1 through 10; ROE
    CORPORATIONS 11 through 20; and ABC
20  Limited Liability Companies 21 through 30,

21      Defendants.

22

23          Plaintiff, DEBORAH RENKERT-DUE, ("Plaintiff"), by and through her attorneys of

24  record, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Racheal A. Ross, Esq., of the law

25  firm Nettles | Morris, hereby files his Request to exempt this action from mandatory arbitration.

26  ///

27  ///

28  ///

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 (fax)

1

1        This Request is made and based upon the exemption set forth in NAR 3A, that the

2  probable jury verdict value is in excess of $50,000.00, all the pleadings and papers on file, and

3  the following Points and Authorities.

4        DATED this 2nd day of June 2022.

5

6                        **NETTLES | MORRIS**

7

8                        BRIAN D. NETTLES, ESQ.

9                        Nevada Bar No. 7462

                          CHRISTIAN M. MORRIS, ESQ.

10                     Nevada Bar No. 11218

                        RACHEAL A. ROSS, ESQ.

11                     1389 Galleria Drive, Suite 200

                        Henderson, Nevada 89014

12                     *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434.8282 / 702-434.1488 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.**

**INTRODUCTION**

On or about June 24, 2020, Plaintiff was an invitee who was at all times lawfully on the premises of Smiths' #358. Plaintiff picked out her purchases and then went to the checkout area where Defendant's employee assisted Plaintiff with her purchases. While in the checkout area, Plaintiff slipped and fell ("Subject Incident") as a result of an unknown, hidden, and/or unwarned liquid substance on the tile floor ("Subject Condition"). As a result of the negligence of Defendants, Plaintiff sustained bodily injury, requiring her to seek medical treatment. More specifically, Plaintiff suffered extensive injuries, including but not limited to, $167,103.21 in past medical bills for treatment related to the Subject Incident.

**SUMMARY OF MEDICAL TREATMENT**

**A. Betty H. Yao, M.D.**

On July 28, 2020, Plaintiff presented to Dr. Betty H. Yao with complaints of neck and back pain and for a referral to see a chiropractor. Dr. Yao rendered a diagnosis of degeneration of lumbosacral intervertebral disc with mostly lumbosacral radiculopathy.

On August 14, 2020, Plaintiff presented again to Dr. Yao and reported that she followed up with her hand surgeon for right wrist pain after recent fracture and he put placed a cast on her and removed it after 2 weeks. She was told to just monitor but no further recommendations were made, and she advised she wanted to see a hand ortho physician for a second opinion. She was referred out to a hand surgeon for persistent right wrist pain and fracture reevaluation.

**B. Hand & Wrist Specialty Center**

On July 28, 2020, Plaintiff presented to Dr. Bishr Hijazi, MD at the Hand & Wrist Specialty Center with complains of fracture or dislocation after trip and fall. She reported applying a right wrist brace to alleviate the pain. She also reported left thumb basal joint arthritic pain previously managed with steroid injection but not significantly improved, however pain well tolerated. Imaging of the right and left wrist were obtained. Regarding Plaintiff's bilateral wrists pain, Dr. Hijazi reported no evidence of fractures or dislocations. He noted no intervention

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434.8282 / 702-434.1488 (fax)

3

needed and that the pain would likely be self-limiting over the following 1-2 months. Plaintiff was advised to resume regular activities as tolerated. Regarding Plaintiff's left thumb basal joint arthritic pain, management options were discussed with Plaintiff with the offer for observation. Dr. Hijazi administered steroid injection and discussed thumb basal joint arthroplasty surgery. At that time, Plaintiff opted for no intervention at that time and was to follow-up on needed basis.

## C. **Kelly Hawkins Physical Therapy**

On July 30, 2020, Plaintiff presented to Berne Leavitt, PT at Kelly Hawkins Physical Therapy with referral sent from Betty Yao, M.D., for complaints of bilateral wrist pain, weakness, and decreased ROM. A treatment plan was implemented for Plaintiff to be seen 3-4 times a week, for total of 12 weeks. Plaintiff's treatment included: e-stim, home exercise program instructions, hot and cold packs, joint and soft tissue mutilation, manual therapy, therapeutic activities, and therapeutic exercises.

On August 25, 2020, she presented again to PT Leavitt for reevaluation after attending 12 treatment sessions. Plaintiff reported doing better with continued pain in the joints of both thumbs. PT Leavitt implemented another treatment plan to continue therapy 3 times per week for 4 weeks, for an additional 12 visits.

On September 22, 2020, Plaintiff presented to PT Leavitt after attending total of 18 sessions since the evaluation. Plaintiff reported no change in left wrist pain. Plaintiff's right wrist range of motion and strength improved. Plaintiff was recommended to see an orthopedic doctor for evaluation of her right knee. Plaintiff's treatment plan was to continue therapy for 3 times per week for 2 weeks, for an additional 6 visits.

On October 30, 2020, Plaintiff presented to PT Leavitt and her right knee was added to her treatment regime. Plaintiff reported that her bilateral thumb and wrist pain was about the same. PT Leavitt then recommended that Plaintiff be seen 3 times per week for 4 weeks. Plaintiff continued to treat through January 11, 2021, for a total of 41 treatment sessions for treatment of both hands.

///

///

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434.8282 / 702-434.1488 (fax)

4

**D. Red Rock Chiropractic**

On August 5, 2020, Plaintiff presented to Margaret R. Colucci, DC at Red Rock Chiropractic with chief complaints of neck, middle back, lower back, right arm, right hip, left leg and both feet and knees. X-rays were obtained of the cervical, thoracic and lumbar. Dr. Colucci implemented a treatment plan that consisted of therapeutic ice/heat therapy, electric stem-unattended, manipulation and spinal adjustments. She was referred out to Desert Radiology for MRI of the lumbar spine. Plaintiff completed the MRI on September 9, 2020. Thereafter, Plaintiff continued to treat with Dr. Colucci through October 1, 2020, for a total of sixteen 16 visits.

**E. Thomas & Bigler Knee & Shoulder Institute and Surgical Arts Center**

On August 11, 2020, Plaintiff presented to Gregory T. Bigler, M.D., at Thomas & Bigler Knee & Shoulder Institute with complaints of right shoulder pain. An exam was conducted, and X-rays of the right shoulder were obtained and reviewed. Risks and alternatives for evaluation techniques were discussed. Dr. Bigler referred Plaintiff out to Desert Radiology for MRI of the right shoulder to explore the possibility of a rotator cuff tear, labral tear, or other pathology. Plaintiff underwent this MRI on September 9, 2020.

On August 19, 2020, Plaintiff presented to Dr. Bigler with complaints of right knee pain. Dr. Bigler obtained an X-Ray of the right knee and rendered diagnosis of internal derangement of right knee and referred her out to Desert Radiology for an MRI of right knee. She underwent this MRI on September 9, 2020.

On September 22, 2020, Plaintiff presented to Dr. Bigler to go over MRI results of the right shoulder and right knee. Based on the finding, he recommended right knee arthroscopy surgical repair for right knee meniscus tear. Based on the findings of impingement syndrome of the right shoulder, he recommended a cortisone injection. She followed-up on October 22, 2020, for a pre-op visit.

On October 29, 2020, Plaintiff presented to Dr. Bigler at Surgical Arts Center and underwent right knee medial synovectomy, right knee shave cartilage/chondroplasty, right knee medial and lateral meniscectomy, and right knee lateral release.

On December 7, 2020, Plaintiff presented to Dr. Bigler at Thomas & Bigler Knee & Shoulder Institute for her post-op visit. She was instructed to continue therapy exercises at Kelly Hawkins PT and follow-up with him as needed.

**F.  POP Prosthetics**

On October 13, 2020, Plaintiff presented to Theresa LaPorte, CO, C.Ped, BOCO, BOCP with a referral from Dr. Bigler, for right range of motion knee brace to be applied after knee surgery scheduled for October 29, 2020. Plaintiff was fit with an adjustable knee brace which she picked up on October 23, 2020 and wore after her surgery.

**G.  Hand Center of Nevada**

On October 28, 2020, Plaintiff presented to James Vahey, M.D., at Hand Center of Nevada with chief complaint of pain in both hands. It was noted that overall generalized pain was around Plaintiff's left thumb CMC Joint and pain at her right radiocarpal articulation. Three X-ray views of the right hand were performed. After a significantly prolonged evaluation due to the complexity of Plaintiff's bilateral hand problems, Dr. Vahey provided a prescription to therapy for a hand-based thumb spica splint. Plaintiff noted that Dr Hijazi provided a steroidal injection into her left them CMC Joint but only reported 2 days of relief. Since she did not have adequate resolution of her pain on the left side, Dr. Vahey recommended CMC interposition arthroplasty with trapeziectomy, first metacarpal base osteoplasty, scaphotrapezoidal exploration/synovectomy (possible distal pole of the scaphoid excision, proximal hemitrapezoidectomy and APL interposition arthroplasty), APL suspension with InternalBrace, and first dorsal compartment release. Dr Vahey noted that scaphotrapezoidal interposition arthroplasty was not anticipated but would explore the joint and perform a synovectomy at time of surgery. Arthroplasty was to be performed if there were signs of significant arthritis of the joint. An EPB to APL tenodesis and first dorsal compartment release would be performed as well.

**H.  Flamingo Surgery Center**

On December 8, 2020, Plaintiff presented Dr. James Vahey, M.D at Flamingo Surgery Center and underwent the following procedures: CMC suspension arthroplasty, trapeziectomy,

1 Partial excision/osteoplasty, base of first metacarpal, First Dorsal compartment release, EPB to

2 APL tenodesis at level of wrist, scaphotrapezoidal joint exploration and synovectomy and X-

3 Rays, three views of left hand/wrist, PA, lateral and hyperpronated. On January 4, 2021, Plaintiff

4 presented to Dr. Vahey at Hand Center of Nevada for a Postop follow-up visit, where it was not

5 that her wrist range of motion was steadily improving.

6 **SUMMARY OF MEDICAL BILLS**

7 As a direct and proximate result of the negligence of the Defendant, Plaintiff was

8 required to seek medical care and to undergo medical treatment, including, but not limited to,

9 treatment by physicians, hospitals, specialists and surgical interventions. The total cost of

10 Plaintiff's medical treatment is believed to be in excess of **$50,000.00**.

11 As a result of this medical care, Plaintiff has incurred the following expenses:

| NO. | PROVIDER | CHARGES |
|---|---|---|
| 1. | Betty Yao, M.D. | $270.00 |
| 2. | The Hand and Wrist Specialty Center | $336.00 |
| 3. | Kelly Hawkins Physical Therapy | $14,979.00 |
| 4. | Red Rock Chiropractic & Wellness Center | $2,425.00 |
| 5. | Thomas & Bigler Knee & Shoulder Institute | $16,839.00 |
| 6. | Desert Radiology | $6,933.25 |
| 7. | Hand Center of Nevada | $9,199.00 |
| 8. | Precision Orthotics & Prosthetics | $1,347.96 |
| 9. | Surgical Arts Center | $28,973.00 |
| 10. | Flamingo Surgery Center | $83,262.00 |
| 11. | Desert Anesthesiologists **\*Pending Records and Bills** | $3,300.00 |
| 12. | PBS Anesthesia **\*Pending Records and Bills** | **PENDING** |
| | **KNOWN CHARGES TO DATE:** | **$167,864.21** |

22 As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered

23 great physical and mental pain and anxiety, and will continue to do so in the future, all to their

24 damage in excess of $50,000.00.

25 ///

26 ///

27 ///

28 **II.**

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434-8282 / 702-434-1488 (fax)

## ARGUMENT

As of this date, Plaintiff's medical expenses are **$167,864.21.** Due to the severe and extensive nature of the injuries the Plaintiff sustained, and the permanency of such injuries, the extent of damages exceeds the $50,000.00 arbitration limit amount. Accordingly, it is requested that this case be exempted from mandatory Arbitration in accordance with Nevada Arbitration Rules 3A and 5A.

It is hereby certified, pursuant to NRCP 11, that this case is within the exemptions marked above and I am aware of the sanctions which may be imposed against any attorney or party who, without good cause or justification, attempts to remove a case from the Arbitration program.

DATED this 2nd day of June, 2022.

NETTLES | MORRIS

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

1    **CERTIFICATE OF E-SERVICE**

2        Pursuant to NEFCR 9, NRCP 5(b) and EDCR 7.26, I hereby certify that on the 2nd day

3    of June 2022, a true and correct copy of the foregoing **PLAINTIFF'S REQUEST FOR**

4    **EXEMPTION FROM ARBITRATION** was served to the following parties by electronic

5    transmission through the Odyssey eFileNV system:

6

7    JERRY S. BUSBY
    Nevada Bar #001107

8    COOPER LEVENSON, P.A.
    3016 West Charleston Boulevard - #195

9    Las Vegas, Nevada 89102
    (702) 366-1125

10   FAX: (702) 366-1857

11   jbusby@cooperlevenson.com
    *Attorneys for Defendant*

12   *SMITH'S FOOD & DRUG CENTERS, INC.*

13                                     */s/ Laura Edwards*

14                                     An employee of NETTLES | MORRIS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NETTLES | MORRIS**
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702-434.8282 / 702-434.1488 (fax)

9

Electronically Filed
6/15/2022 3:18 PM
Steven D. Grierson
CLERK OF THE COURT

1

2

3  **CDRG**

**DISTRICT COURT**

4

5  **CLARK COUNTY, NEVADA**

6

Deborah Renkert-Due, Plaintiff(s)

7

vs.                                          CASE NO: A-22-851666-C

8                                               DEPT. NO: XXVIII

Smith's Food & Drugs Centers, Inc,

9

10  Defendant(s)

11

12  **COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION**

13

14  REQUEST FOR EXEMPTION FILED ON: June 02, 2022

15  EXEMPTION FILED BY: Plaintiff                         OPPOSITION: No

16

17  **DECISION**

18

19  Having reviewed the Request for Exemption, and all related pleadings, the Request

20  for Exemption is hereby GRANTED.

21

22  DATED this 15th of June, 2022.

23

24

25  ADR COMMISSIONER

26

27                                          1

**ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT**

1

## NOTICE

2   Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days
    from the date you are served with this document within which to file written objections
3   with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed
    served three (3) days after the Commissioner's designee deposits a copy of the Decision in
4   the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the**
5   **time if served electronically (via e-service).**

6   **A copy of the foregoing Commissioner's Decision on Request for Exemption was**
    **electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the**
7   **Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

8   *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for
9   Exemption was also:

10

11  ☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed
    below at their last known address(es) on _____, 2022.

12

13

14                          /s/   Loretta Walker
                                  ADR COMMISSIONER'S DESIGNEE
15

16

17

18

19

20

21

22

23

24

25

26

27                                       2